UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HASSAN FOSTER and JOSE RAMOS,
    *Plaintiffs*,

v.

STATE OF CONNECTICUT *et al.*,
    *Defendants*.

No. 3:24-cv-773 (JAM)

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A**

Plaintiffs Hassan Foster and Jose Ramos are or were prisoners in the custody of the Connecticut Department of Correction ("DOC"). They have filed a *pro se* complaint for violations of their federal and state law rights. Based on my initial review pursuant to 28 U.S.C. §1915A, I will dismiss the complaint without prejudice as to plaintiffs' federal law claims for failure to allege plausible grounds for relief, and I will otherwise decline to exercise supplemental jurisdiction over their state law claims.

### BACKGROUND

I draw the following facts from the allegations in the complaint, accepting them as true only for the purposes of this ruling. On an unspecified date, agents from the State of Connecticut "entered a dwelling . . . and s[ei]zed" Foster "by physical force and against [his] will, under threat of physical and ps[ycholog]ical assault and death."[1] John Davenport, an employee of the Office of the Chief State's Attorney, was among those agents involved in the arrest.[2]

---

[1] Doc. #39 at 15 (¶ 37). Plaintiffs' first complaint (Doc. #1) contained the personal information of some of the judge-defendants, so the court sealed that filing in the interests of security. See Doc. #37. The Attorney General's office filed a version of the complaint that redacted this information but is otherwise identical to the original complaint. Doc. #39. For purposes of this ruling, I will refer to that redacted filing, but I have reviewed both filings alongside each other and ensured that they are otherwise identical.

[2] *Id.* at 12 (¶ 25), 15 (¶ 38).

1

On or about September 25, 2012, agents from the State of Connecticut entered Ramos' dwelling and "s[ei]zed" Ramos "for a non-criminal offen[s]e, by force and against [his] will, under threat of physical and ps[ycholog]ical assault and death."[3] Corey Poore and James Curtis, employees of the Office of the Chief State's Attorney, and Michael Regan were among those agents involved in the arrest.[4] Neither plaintiff was arraigned or presented before a judge.[5]

The plaintiffs subsequently sent defendants a "Notice of copyright," which contained logos and included the plaintiffs' assent to DOC custody, provided they each received $250,000 for every 15 minutes and for each constitutional violation.[6] The plaintiffs claim that the defendants have used these copyrighted logos without their authorization.[7]

The plaintiffs filed their complaint on April 26, 2024.[8] They name over 40 defendants, including the State of Connecticut, Connecticut state entities, Connecticut state officials, DOC officials, a New York City police department, and private citizens.

The plaintiffs allege that the defendants conspired to violate and violated their rights under the U.S. Constitution and federal law.[9] Specifically, they claim defendants conspired to:

> (Const[r]uctiv[e]ly) den[i]ed Plaintiffs['] (effective assistance of) Counsel; Unlawfully searched and/or seized Plaintiffs[;] Compelled Plaintiffs into Contract; Compelled/forced Plaintiffs into Slavery; Unlawfully arrested Plaintiffs; Unlawfully restrain(ed) Plaintiffs; Unlawfully took Custody of Plaintiffs; Human traffic[ked] Plaintiffs; Ex[]tort[ed] Plaintiffs; [E]mbez[z]l(ed) Plaintiff(s) funds and or unlawfully mismanaging funds.[10]

---

[3] *Id.* at 15 (¶ 39).
[4] *Id.* at 10 (¶ 14), 15 (¶ 40).
[5] *Id.* at 15 (¶ 41).
[6] *Id.* at 18–20 (¶¶ 49, 56, 71).
[7] *Id.* at 20 (¶ 72).
[8] *Id.* at 4.
[9] *Id.* at 17–25.
[10] *Id.* at 21 (¶ 80).

The plaintiffs also contend that defendants violated their rights under Articles III and IV and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution.[11] They further allege state law claims for breach of contract, promissory estoppel, and unjust enrichment.[12]

## DISCUSSION

Congress by law requires that a federal court conduct an initial review of a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Even for cases involving non-prisoners, a complaint is subject to *sua sponte* dismissal if it is malicous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

If a plaintiff is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments they suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*).[13] Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid*.

### *Copyright claim*

The plaintiffs allege that the defendants infringed their copyright by using their logos without authorization.[14] To state a claim for copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

---

[11] *Id.* at 22–25.
[12] *Id.* at 17-20.
[13] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[14] Doc. #39 at 20 (¶¶ 71–72).

3

original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see Strike 3 Holdings, LLC v. Doe*, 712 F.Supp.3d 287, 2024 WL 259770, at *2 (D. Conn. 2024) (same). But the plaintiffs have not done so. They allege no facts to show that they have registered a valid copyright for the logos. *See Therrien v. Martin*, 2007 WL 3102181, at *4 (D. Conn. 2007) (dismissing claim for copyright infringement pursuant to 28 U.S.C. § 1915A because plaintiff did not allege facts to show he had a valid copyright). Accordingly, I will dismiss the plaintiffs' claims for copyright infringement pursuant to 28 U.S.C. § 1915A(b)(1).

### *Constitutional claims*

The plaintiffs also bring suit under 18 U.S.C. §§ 241 and 242, claiming that the defendants conspired to violate their civil rights under the U.S. Constitution and federal law.[15] But these two criminal statutes do not give rise to a cause of action that a private party may allege as a basis for relief in a civil court action. *See Republic of Iraq v. ABB AG*, 768 F.3d 145, 170 (2d Cir. 2014). Accordingly, I will dismiss the plaintiffs' claims under 18 U.S.C. §§ 241 and 242 pursuant to 28 U.S.C. § 1915A(b)(1).

On the other hand, a civil lawsuit against state actors under 42 U.S.C. § 1983 "provides a mechanism for enforcing individual rights secured elsewhere, *i.e.*, rights independently secured by the Constitution and laws of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). Yet even construing the plaintiffs' claims to be brought under § 1983, the plaintiffs have still failed to state a plausible claim.

To state a claim for conspiracy under § 1983, a plaintiff must allege: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal

---

[15] Doc. #39 at 21–25.

causing damages. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002); *Alejandro v. Quiros*, 2021 WL 5324905, at *5 (D. Conn. 2021). But while the plaintiffs claim that the defendants conspired to violate their rights, they have alleged no facts about the nature of this conspiracy. This is not enough to state a conspiracy claim under § 1983. *See Ciambriello*, 292 F.3d at 325 ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed."); *Lewis v. Slaiby*, 2024 WL 1241937, at *3 (D. Conn. 2024) (same). Accordingly, I will dismiss the plaintiffs' conspiracy claims under 18 U.S.C. § 1983 pursuant to 28 U.S.C. § 1915A(b)(1).

Similarly, the plaintiffs lodge conclusory allegations that the "defendants" violated their rights, but without any facts to support these claims or identify the nature of the personal involvement of any individual actors (other than the alleged mere presence of a few of the named defendants at the scene of their arrests). That is not enough to allow any of the individual defendants to be personally liable under § 1983 for violating the plaintiffs' rights. *See Jean-Baptiste v. Froehlich*, 2022 WL 94407, at *2 (D. Conn. 2022) (collecting cases).

The closest the plaintiffs come is with respect to their claims for false arrest and untimely arraignment. But these claims are manifestly time-barred by the statute of limitations. Although the statute of limitations is ordinarily an affirmative defense, a court may "dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitation defense are set forth in the papers plaintiff himself submitted." *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995) (prisoner's claim subject to *sua sponte* dismissal where "the injuries complained of occurred more than five years before the filing of the complaint—well outside the

5

applicable three-year limitations period" and where "there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights").

A claim pursuant to 42 U.S.C. § 1983 is subject to a three-year statute of limitations. *See Thompson v. Rovella*, 734 F. App'x. 787, 788–89 (2d Cir. 2018). "Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 101 (2d Cir. 2015).

The plaintiffs filed this complaint on April 26, 2024.[16] Although the complaint is silent as to Foster's arrest date, court records show that he was arrested on April 8, 2015, and the complaint otherwise alleges that Ramos was arrested on September 25, 2012.[17] Under Connecticut law, the plaintiffs should have been arraigned "on the next court day following the date of arrest." *State v. Santiago*, 305 Conn. 101, 170 (2012). Accordingly, the three-year statute of limitations for these alleged violations arising from arrests and failure to arraign in 2012 and 2015 expired many years before the plaintiffs filed this lawsuit in 2024.

Nor are these claims rendered timely by the continuing violation doctrine which "applies to claims composed of a series of separate acts that collectively constitute one unlawful practice" and delays the running of the limitations period until "the defendant has engaged in enough activity to make out an actionable claim." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015). The "'continuing violation' rule does not apply merely because a plaintiff experiences continuing harm from a defendant's otherwise discrete time-barred act." *Andrews v. Town of Wallingford*,

---

[16] Doc. #39.

[17] *Id.* at 15 (¶ 39). The Court may judicially notice a fact "that is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, I take notice of records on the Connecticut Superior Court website indicating that Foster's "original arrest date" was April 8, 2015. *Connecticut v. Foster*, UWY-CR15-0430539-T (Conn. Super. Ct.).

2017 WL 3588571, at *3 (D. Conn. 2017), *aff'd*, 739 F. App'x 62 (2d Cir. 2018). The plaintiffs have not alleged that the false arrests or untimely arraignments were anything other than "discrete unlawful acts." *Lucente v. Cty. of Suffolk*, 980 F.3d 284, 309 (2d Cir. 2020); *see Staton v. Holzbach*, 2021 WL 293566, at *5 (D. Conn. 2021) (finding that a false arrest claim did not trigger the continuing violation doctrine).

Accordingly, I will dismiss the plaintiffs' claims for violations of their constitutional rights under 18 U.S.C. § 1983 pursuant to 28 U.S.C. § 1915A(b)(1). To the extent that the complaint also alleges state law claims for breach of contract, promissory estoppel, and unjust enrichment, I decline supplemental jurisdiction. *See Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106-07 (2d Cir. 2022).

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. §1915A(b)(1).

The Clerk of Court shall close this case. If the plaintiffs have good faith grounds to allege facts that overcome the concerns stated in this ruling, they may file an amended complaint on or before **November 18, 2024**, and the Court will then re-open the case to conduct another initial review of any timely amended complaint.

It is so ordered.

Dated at New Haven this 17th day of October 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge