UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HASSAN FOSTER and JOSE RAMOS, | : : | |
| *Plaintiffs,* | : : | No. 3:24-cv-773 (VDO) |
| v. | : : | |
| STATE OF CONNECTICUT, et al., | : | |
| *Defendants.* | : | |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiffs Hassan Foster and Jose Ramos are or were prisoners in the custody of the Connecticut Department of Correction ("DOC"). They filed a *pro se* complaint alleging violations of their federal and state constitutional rights. Upon initial review, the Court (Meyer, J.) concluded that their complaint failed to allege plausible grounds for relief, and therefore dismissed their complaint and closed the action.

Plaintiffs have now filed an amended complaint. Pursuant to the Prison Litigation Reform Act, the Court must again conduct an initial review of the Amended Complaint, as it did for the initial Complaint. The Court concludes that the Amended Complaint suffers from the same deficiencies found in the initial complaint and declines to reopen the action pursuant to that Act.

**BACKGROUND AND DISCUSSION**

Plaintiffs' initial complaint addressed predominantly two subjects. First, both Plaintiffs alleged that they were not properly arraigned after their arrests, and second, both claimed that various Defendants had violated nearly identical copyrights belonging to each

1

Plaintiff.

More specifically, Plaintiffs alleged that they were not arraigned or presented before judges within a statutorily required period. Foster claimed that agents from the State of Connecticut "entered a dwelling . . . and s[ei]zed" him "by physical force and against [his] will, under threat of physical and ps[ycholog]ical assault and death."[1] Ramos claimed that, in 2012, agents from the State of Connecticut entered Ramos' dwelling and "s[ei]zed" Ramos "for a non-criminal offen[s]e, by force and against [his] will, under threat of physical and ps[ycholog]ical assault and death."[2] Both claimed that they were neither arraigned nor presented before a judge for a prolonged period.[3]

Later, both Foster and Ramos sent defendants a "[n]otice of copyright," which contained logos and included the plaintiffs' assent to DOC custody.[4]

Foster and Ramos filed their initial complaint in April of 2024. They named more than forty defendants, including the State of Connecticut, Connecticut state entities, Connecticut state officials, DOC officials, the New York City police department, and private citizens.[5]

---

[1] Amend. Compl., ECF No. 49 at 12. Plaintiffs' first complaint (ECF No. 1) contained the personal information of some of the judge-defendants, so the court sealed that filing in the interests of security. *See* ECF No. 37. The Attorney General's office filed a version of the complaint that redacted this information but is otherwise identical to the original complaint. ECF No. 39.
[2] Amend Compl. at 12.
[3] *Id.* at 12-13.
[4] *Id.* at 15-17.
[5] Redacted Compl., ECF No. 39 at 1-2.

Foster and Ramos alleged that defendants violated their rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.[6] They further alleged state law claims for breach of contract, promissory estoppel, and unjust enrichment.[7]

The Prison Litigation Reform Act ("PLRA") requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

In accordance with the PLRA, the Court (Meyer, J.) issued an initial review order evaluating the then-operative complaint.[8] In that Order, the Court concluded that each of Foster and Ramos's many contentions failed to state a claim on which relief could be granted.[9] The Court concluded that the Plaintiffs' copyright claim failed because the Plaintiffs did not allege that they had a validly registered copyright,[10] that their conspiracy claims failed because they did not adequately allege the nature of a conspiracy against them,[11] and that their Plaintiffs' remaining claims for false arrest and untimely arraignment

---

[6] *Id.* at 22–25.
[7] *Id.* at 17-20.
[8] Initial Review Ord., ECF No. 41.
[9] *Id.* at 7.
[10] *Id.* at 3-4.
[11] *Id.* at 5.

were "manifestly time-barred by the statute of limitations."[12]

Foster and Ramos initially filed two additional amended complaints,[13] and also filed a number of motions, including several motions for reconsideration, two motions for a prejudgment remedy, two motions for leave to supplement their pleadings, a "proposed order to show cause," a motion for copies, a motion for writ of mandamus, two motions to expedite resolution of various other motions, a motion for a change of venue, a motion to reopen the case, and two notices providing additional information.[14] The Court has resolved each of these motions through lengthy docket orders, with the exception of one motion for reconsideration that will be addressed in this order.[15]

The Amended Complaint is now operative.[16] As demonstrated by the automatic header generated atop all court-filed documents, large portions of the document filed as the amended complaint are printed pages from the initial complaint: the amended complaint is identical to the initial complaint for the first 21 pages of both documents, and the amended complaint includes a further six pages of printouts from pages 39-44.[17] Between these two sections, the amended complaint adduces new material.

The Court now once again conducts the review required by the Prison Litigation Reform Act. The Court has thoroughly reviewed all of the factual allegations in the

---

[12] *Id.* at 5-6.
[13] ECF Nos. 46, 49.
[14] *See generally* ECF Nos. 47, 50, 51, 53, 55, 56, 59, 60-63, 69, and 70.
[15] *See* ECF Nos. 54, 57, 58, 64, 65, 66, 67, and 68.
[16] The two filings entitled amended complaints at ECF Nos. 46 and 49 appear identical except for the inclusion of an additional page as part of ECF No. 49. The Court, therefore, considers ECF No. 49 to be the operative complaint.
[17] *Compare* ECF Nos. 39 and 46.

complaint. As before, the Court must dismiss any claim so insufficient that it fails to adduce facts sufficient to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1)–(2). Although highly detailed allegations are not required, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

It is well-established that submissions of *pro se* litigants are "reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (summary order) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (per curiam)). This liberal approach, however, does not exempt *pro se* litigants from the requirement that a *pro se* complaint must "state a claim to relief that is plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiffs' amended complaint first attempts to support its conspiracy claim. It avers that "there was an agreement between them/two or more state actor and/or between them/state actors and a private entity; (2) to act in concert to inflict an unconstitutional

5

injury; and (3) (an) overt act(s) were done in furtherance of that goal causing damages[.]"[18] This is insufficient to overcome the Court's original concern: That the complaint "'contain[ed] only conclusory, vague, or general allegations.'" Initial Review Ord. at 4 (quoting *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002)). Instead, the Plaintiffs' newly-adduced description is the paradigmatic conclusory claim: Plaintiffs merely recite the legal standard, and then assert that they meet that standard. They do not provide a specific, substantive description of the conspiracy and its aims, such that they have "failed to specify in detail the factual basis necessary to enable defendants intelligently to prepare their defense[.]" *Id.* (quotations omitted and alterations adopted). The Court again concludes that the Plaintiffs have failed to state a claim for conspiracy on which relief can be granted.

Similarly, Plaintiffs adduce no reason for the Court to reconsider its original determination as to their copyright claims: They again fail to demonstrate a valid copyright registration, a prerequisite to any federal copyright claim. *See* Amend. Compl. at 34; Initial Review Ord. at 3-4 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). The Court therefore again concludes that Plaintiffs' copyright claims cannot move forward.

Next, Plaintiffs' amendments to their complaint introduce lengthy legal argument about the jurisdiction of Federal courts and the constitutionality of different legal systems. Complaints should include "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The inclusion of legal argument is improper. *See Abadi v. NYU Langone Health Sys.*, 731 F.

---

[18] Amend. Compl. at 23.

Supp. 3d 616, 625 n.9 (S.D.N.Y. 2024). In any case, Plaintiffs appear to be arguing that their claims should proceed only under admiralty or equitable jurisdiction and concordant legal standards.[19] That is straightforwardly wrong. Federal courts have federal question jurisdiction, which allows federal courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). The Constitution explicitly contemplates the exercise of such jurisdiction. U.S. Const. Art. iii § 2 ("The judicial Power shall extend to all Cases . . . arising under . . . the Laws of the United States[.]"). The Court therefore rejects the Plaintiffs' contention that their claims should be evaluated under some body of law other than the federal and state statutes that govern.

Plaintiffs then return to the issue of their arrest and the timing of their arraignment.[20] These claims were dismissed in the first initial review order because they clearly fell far outside the three-year statute of limitations. *See* Initial Review Ord. at 6 (citing *Thompson v. Rovella*, 734 F. App'x. 787, 788–89 (2d Cir. 2018) (summary order)). Plaintiffs produce no facts that dispute this ruling, and the Court sees no basis on which to conclude that these claims were tolled or otherwise held in abeyance. The Court again concludes that these claims must be dismissed.

The Plaintiffs next substantially shift course. They begin to raise a plethora of new claims not a part of the initial complaint. That is, of course, allowed in an amended

---

[19] Amend. Compl. at 23-24.
[20] Amend. Compl., 26-27.

complaint. But the claims that Foster and Ramos seek to add usually involve only one of Foster or Ramos. And they relate to incidents and defendants removed from those at issue in either Foster and Ramos's claim for (1) failure to arraign or (2) violation of copyright.

But "[a] single lawsuit cannot serve as an infinite ledger for a plaintiff to record every issue between them and the defendant[s]." Dkt. Ord. Denying Reconsideration, *Jumpp v. McKenzie*, No. 24-cv-1931-VDO (D. Conn. Apr. 25, 2025). That is because, "[u]nder Federal Rule of Civil Procedure 20, plaintiffs may be joined in one action if '(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences' and '(B) any question of law or fact common to all plaintiffs will arise in the action.'" *Altowaiti v. Wolf*, 2021 WL 2941753, at *6 (S.D.N.Y. July 12, 2021) (quoting Fed R. Civ. P. 20(a)(1)).

And, under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. In deciding whether to sever a claim for misjoinder, the Court should consider several factors, including "whether the claims arise out of the same transaction or occurrence; whether the claims present some common question of law or fact; whether settlement of the claims or judicial economy would be facilitated; whether prejudice would be avoided; and whether different witnesses and documentary proof are required for the separate claims." *Fletcher v. City of New London*, No. 3:16-cv-241 (MPS), 2017 WL 690533, at *8 (D. Conn. Feb. 21, 2017) (cleaned up). "Misjoinder of unrelated claims against multiple defendants is a particular concern in prisoner-initiated cases because of the applicability of the three strikes and filing fee

provisions of the Prison Litigation Reform Act." *Rosa v. Cook*, No. 3:22-cv-703 (SALM), 2022 WL 2981574, at *3 (D. Conn. July 28, 2022).

Plaintiffs' new allegations are wide-ranging and cover any number of issues that are, at best, tangentially related to each other and the issues presented by the initial complaint. As to Ramos, the Amended Complaint raises claims related to alleged misconduct by state court judges,[21] theft of books and money from his inmate trust fund by prison staff,[22] punishment by court staff against Ramos for attempting to contact a child of his,[23] prosecutorial misconduct by Connecticut state prosecutors and police,[24] and misconduct by his former attorney.[25] As to Foster, the Amended Complaint raises new claims related to alleged assaults[26] and invasions of privacy[27] that Foster claims he received at the hands of Connecticut Department of Corrections staff.

The Court has reviewed these allegations and finds that each patently fails Rule 21's test. This action initially sought to bring claims related to an improper failure to arraign and copyright violations, and those claims again make up the majority of the operative complaint. But the Amended Complaint then pivots to a variety of additional claims. Each of these is clearly so far afield of the thrust of the action as to render it improperly joined. The claims neither arise out of the same transaction or occurrence nor present numerous common

---

[21] Amend. Compl. at 27.
[22] *Id.* at 27-28.
[23] *Id.* at 29.
[24] *Id.* at 30-31.
[25] *Id.* at 36-37.
[26] *Id.* at 29-30.
[27] *Id.* at 24-35.

questions of law or fact, and would require essentially nonoverlapping witnesses and documentary proof to evaluate these separate claims.

Therefore, the Court concludes that each of these additional claims is misjoined and cannot proceed as a part of this action. But as Federal Rule of Civil Procedure 21 states, "[m]isjoinder of parties is not a ground for dismissing an action." *Id.* Rule 21 further provides, however, that a reviewing "court may at any time, on just terms, add or drop a party. . . [or] sever any claim against a party." The Court concludes, in the exercise of its reasoned discretion, that severance of the claims, rather than dismissal of parties, is the correct remedy for the misjoinder found in this action.

The Court therefore severs as misjoined the numerous other claims brought by both Ramos and Foster described herein as distinct from their initial claims regarding arraignment and copyright. Each plaintiff must pursue their own additional claims individually, in separate actions. If either wishes to pursue their severed claims, they must file a notice on the docket **on or before August 29, 2025**, alongside a complaint specifically addressing the severed claims that they wish to pursue. If either Foster or Ramos files such a notice and complaint, the Court will direct the Clerk of Court to open a new civil action on behalf of the plaintiff and to docket the attached complaint as part of that new action.

If either plaintiff "wishes to pursue the severed case, he must pay the requisite filing fee." *Arista Recs. LLC v. Does 1-4*, 589 F. Supp. 2d 151, 156 (D. Conn. 2008) (cleaned up). The Court's initial review reveals that Ramos may not proceed *in forma pauperis* as a result of the PLRA's three-strikes rule and therefore must pay the filing fee in full at the commencement of the action. *See Jumpp v. McKenzie*, No. 24-CV-1931 (VDO), 2025 WL

660267, at *3 (D. Conn. Feb. 27, 2025) (discussing three-strike rule). If Ramos submits a notice regarding his intent to pursue the severed claims, he must include alongside that notice the payment of the filing fee in full or a description of why he may proceed *in forma pauperis*. For his part, Foster must file either a motion for leave to proceed *in forma pauperis* or pay the filing fee in full if he decides to pursue his severed claims.

## CONCLUSION

The Court concludes that Foster and Ramos's joint claims regarding a failure to timely arraign them after arrest and copyright violations must remain dismissed and therefore declines to reopen the action. And the Court further concludes that the additional incidents for which Foster and Ramos now seek relief may not proceed as part of one joined suit.

The Amended Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).[28]

The Court further SEVERS the claims described in the Amended Complaint beyond the copyright and lack of timely arraignment claims. Each plaintiff must pursue their own additional claims individually, in separate actions. If either wishes to pursue their severed claims, they must file a notice on the docket **on or before August 29, 2025**, alongside a complaint specifically addressing the severed claims that they wish to pursue. If either Foster

---

[28] The Court further DENIES the motion at ECF No. 69 seeking "relief" from this Court's docket order at ECF No. 64. Plaintiffs' motion merely recites the same facts and claims as the Plaintiffs' prior motions and, therefore, fails to establish a reason for the Court to reconsider its prior rulings. And plaintiffs' argument that the Court should recuse itself because of a "UCC-1" filing they submitted to the state of Connecticut "nam[ing]" the Court is unavailing; the Court cannot discern what plaintiffs might be referring to and can further discern no basis for recusal.

Further, the Court again adheres to its previous ruling declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* Initial Review Ord. at 7.

or Ramos files such a notice and complaint, the Court will direct the Clerk of Court to open a new civil action on behalf of the plaintiff and to docket the attached complaint as part of that new action.

**SO ORDERED** this 28th day of July 2025 at Hartford, Connecticut.

/s/
Vernon D. Oliver
United States District Judge